We have both attorneys for County of Niagara v. Liberty Mutual, and so we'll proceed with our case first. Mr. Willett. Good morning, your honors. May it please the court, Michael Willett for the County of Niagara. On coverage under the Excelsior umbrella policy, there's basically two main arguments. I wanted to first talk about the attempt by the insurer to letter did not satisfy the unequivocal and unambiguous standard for disclaiming coverage, because it did not clearly state that it was disclaiming coverage for the claim of the county. The letter was addressed to a representative of the named insured TGR. It said that we are writing to inform you of our position on coverage. It listed the various exclusions that it was relying upon, and then it invited that representative to submit other information in support of, again, your claim for coverage. There wasn't any specific reference to the fact that the county was an additional insured, exercising its own rights under the insurance contract. The letter was not addressed to the county representative. There wasn't any specific reference to the fact that an insured county representative submitted. Willett, there's a problem with your audio. Sounds like some kind of a feedback. I'm not sure what that could be, Willett. We can hear you, but it's not clear. Okay. It's better now. That's better. But as I was saying, the corresponding... Would there be a basis for distinguishing between TGR and the county in terms of the grounds for disclaiming coverage? Yes, there would be. That's basically the second argument that we have, that we believe that if the policy is viewed from the viewpoint of the additional insured, because of the language of the policy, that the auto exclusion upon which the insurer was relying did not apply to the county. I think what happened here, Your Honor, is if you look at the claim file, all of his references are to TGR as the insured. When he talked to the TGR representative, he talked about the insured representative. There isn't anything in the claim file notes that identifies the county as an additional insured. I think what happened at the insurance company was that they interpreted the county's request for coverage as a request for assumption of the county's defense under the indemnification provision. Of the contract for the window replacement, which would have triggered the insured contract provision of the insurance policy. They didn't treat the county as an insured with its own rights. And the other proof on that is that if you look at the two letters, and it's significant that there were back-to-back letters issued in this case. The first letter of August 13 was issued to TGR, and seems to, from the reading of it, to address TGR's request for coverage. And the second letter, which is nine days later, is issued to Mr. Crosby, the attorney for the county. And what's the first line of that letter say? It says, this is a response to your request for coverage, August 13. Why would the county be copied on the disclaimer letter if coverage wasn't being disclaimed as to the county? Because the county was making a claim for indemnification against TGR, the contractor, under the indemnification provision. It's the same reason why the plaintiff, the personal injury plaintiff, is copied. That person has an interest in whether or not TGR gets coverage. If the claim were disclaimed against TGR, how could the county get indemnification? The county could get indemnification from TGR. Well, there's a couple of different answers to that. The county, if they disclaim, the county could get indemnification directly from the company, TGR itself. But the difference is that in this case, the contract required the county to be renamed as an additional insured on the insurance policies. And they were issued an insurance certificate showing that that had taken place. And therefore, the county was a party to the insurance contract and was exercising its rights to coverage. And the insurance agreement said, we'll cover everything for which you're liable over and above the retained limit, which was the limit of the underlying insurance. So I think that's what happened here is there was no recognition on the part of the insurer that the county actually had these contractual rights. And so when he wrote the letter, he's thinking, my only insured is TGR. So I'm disclaiming TGR, and they won't have to, or we won't have to cover their indemnification obligation, completely overlooking the insurance obligation to the county. And then the second argument is whether that exclusion applied to the county at all. And again, you have to look at this from the standpoint of an ordinary insurer. We have the advantage of law clerks, legal things, an insurer is going to look at the contract and what does it say? It says the exclusion says, or the separation of insurance provision says, you're treated like you have your own policy of insurance. And then that, the exclusion applies to vehicles you own. A person, an ordinary person, an ordinary insured, reading that is going to interpret that as there's no coverage for vehicles that I, the county, own. And this accident arose from use of a TGR vehicle. So therefore, it's our contention that that exclusion is ambiguous and should not have been applied against the county. Unless there are further questions, I will yield my time. We'll hear from the other side. You're on mute. Mr. Potashner, you're on mute. Good morning, Your Honor. May it please the court. My name is Marshall Potashner of Jackie and Asher. I'm counsel for the appellees. First, I'm going to address the application of the exclusion in short order, then I'll move over to the letter. Just to answer Judge Chin's question earlier, is whether there is a basis for distinguishing coverage with respect to this particular exclusion under which coverage was denied under the umbrella policy. It applies to all insureds equally. And in fact, the reason why my client would be contacting TGR and addressing coverage for the county was TGR would be in the best position of knowing whether they owned the vehicle at issue. And in fact, when you look at the county's tender letter, and that's in the record at 411 through 412, it was not sent to my client. Rather, it was sent to TGR's broker, who then reforwarded to my client. There's no threat of a claim against TGR in that letter. It's clearly just nothing more than a request for coverage. Now, moving to the endorsement, it states applies to those autos you own. The key, it refers to you, and that in the policy is a specifically defined term. And Niagara's argument that you would define term, and by the way, it's defined as meaning the named insured. The argument that you would define term could refer to any entity other than TGR runs contrary to clear in New York law. The separation of insurance provision argument does not apply to preclude application of exclusions where the exclusion does not refer to like the insured, referring to one insured where there's multiple insureds, and it does not apply where the exclusion refers to the named insured, particularly where there is only one named insured is here. So, moving on to the disclaimer letter, the disclaimer letter satisfied New York insurance law 3420D. This is not a strict liability statute. It's not intended to be a technical trap. The New York Appellate Divisions have made it clear that a disclaimer is valid even if the letter misquotes or only partially quotes the exclusion. Now, the specificity standard requires three elements, as most recently discussed by this court in the Old Republic case. The letter to comply with 3420D must identify the policy exclusion, set forth the facts as to why the insurer believes there is no coverage, and advise that it is denying coverage. Those elements are satisfied. 3420D is satisfied. And here the letter, which is in the record starting at page 427, clearly satisfies these three elements. Let's take a look at the top of the very first page of the letter. It says, Notice of Claim, Michael Lombardi, the County of Niagara et al. It does not refer to any potential claim against TGR. And in fact, the tender package prepared by the county's attorney sent to the broker, which was then sent to Excelsior, included a document entitled Notice of Claim, which reflected claims against the county and its affiliates and no one else. No claims against TGR. And this is in the record at pages 419 to 423. Then you go to the first paragraph of the letter. It states, it is written in regard to the above captured matter. The above captured matter is the Notice of Claim by Lombardi against the county. There was no claim against TGR. Nobody had threatened a claim against TGR at that time. And when you go to the bottom of page one, this is where their argument that it doesn't address coverage by the county clearly fails. It refers to a different policy, an owner's and contractor's liability policy. That's a policy that ensures only the county doesn't insure TGR. When you say the bottom of page one, the bottom of page one, where? The bottom of page one of the disclaimer. So on page, when you go to page 427 of the record. Oh, I see. OK, got it. See, it's referring to the OCP policy. And that is clearly, it's basically saying, look, we're going to defend you. And later on, it says that under the OCP policy county. But there's no coverage under these two policies. The CGL policy, which they've given up their claim for coverage for, and the umbrella policy. When you go to page four, which is on the record at 430, which begins the discussion of coverage under the umbrella policy. It specifically refers to the states. Please now refer to your commercial umbrella liability coverage form pursuant to section one coverage of form. More specifically, section one, the agreement and three exclusions. The reasons why we are not able to provide coverage for this incident are outlined. Talks about denial of coverage for the incident, not for any particular short. Because this exclusion applies to everyone. There's just no coverage for this incident. And then on page six, it cites the designated auto exclusion, refers to the owned autos on schedule, as counsel stated. And then it lays out the factual basis for the disclaimer of coverage. It says, because the operation of a state truck that was owned by TGR Enterprises Inc. and operated by a TGR employee, there is no coverage under the commercial general liability or commercial umbrella liability coverage form for the incident. This provides the necessary information for the county to determine whether or not factually the disclaimer has a basis. And it discusses, again, disclaimer in terms of incident as opposed to any single insured. And then you go to page seven, it again mentions the OCP policy saying, we'll defend you under that policy and send you a separate letter. Well, why would they be mentioning that if this was a letter addressed only to the TGR, since the OCP policy doesn't insure TGR, it insures only the county. And then it concludes, for the reasons stated above, Netherlands Excelsior hereby disclaims coverage for this matter, the whole matter, which again on the top is the Ray Lombardo versus the county. And it's undisputed that a copy of this letter was sent to the county. Now, to address the two arguments, which they've pared down from the below, first they say the disclaimer letter was not addressed to the county. It's undisputed that they received a copy of it. And the case law is clear, the Center Reach case, the Maxim case, there are other cases that a disclaimer is effective against an additional insured, as long as it receives a copy of it. And the next argument is the disclaimer did not reference the notice given by the county, nor the county's claim for coverage. First of all, this is factually untrue, as previously mentioned, but it's also a red herring. If a letter denies coverage to the county, which this does, it need not specifically reference who gave it notice, whether it's in response to a particular claim for coverage. The letter just says, we deny coverage for this incident, we deny coverage for this matter. But it actually does refer to the notice of claim against the county. As previously indicated, go to the top of the letter, throughout the letter, it talks about coverage under the OCP policy, and so on. So, in conclusion, I think the two judges that have looked at this, the magistrate judge and the district judge, got it right, they correctly granted summary judgment in favor of both Netherlands and Excelsior. And unless the court has any further questions, I'll rest on my briefs. Thank you. We'll hear the rebuttal. Your Honors, I heard Mr. Petashner go through the letters starting at page 427, but he did not point out one single place in that letter where the insurer said that coverage was being disclaimed for the claim of the county. And there's a right way and a wrong way to do these letters. So, after you look at the letter on page 427, I'd ask the court to look at the letter that's on page 1404. That's the letter in the second page. The letter that I'm going to ask you about is the second page letter. I'm going to assume that it'll help to test us. Sure. Mr. Willett, just stop for a moment, because you're... Try it again now. I'm asking the court to take a look at the letter on page 1404, which is the letter that was sent in the Center Reach Realty case. And in that case, the insurer specifically stated that coverage was being denied for the claim of Center Reach. It would have been a simple matter if it had been intended by this defendant to put in this letter, coverage is being denied for the claim of the county. But they didn't do that because they weren't addressing the claim of the county. They were addressing the claim of what they thought was their only insured TGR. And Mr. Potashner also said there was no threat of a claim against TGR. That is completely wrong. TGR had to indemnify a county for claims arising from its work. A claim against a county was a claim against TGR. That meant TGR had to notify its insurer. They did that in the August 13th letter is the response. The August 22nd letter was the response to the county. Thank you, Your Honors. Thank you both. The court will reserve decision.